# EXHIBIT C

# UNIVERSITY of MARYLAND BALTIMORE

## Grievance and Appeals Form

Nonexempt Bargaining Unit employees, please refer to Article 13 of the Memorandum of Understanding. All employees should also refer to USM/UMB Policies and Procedures VII – 8.00 USM Policy on Grievances for Nonexempt and Exempt Staff Employees and UMB Guidelines and Procedures VII – 8.00 (A) for additional information. The MOU is available on-line at www.hr.umaryland.edu/er and the USM policies are on-line at www.umaryland.edu/hrpolicies or upon request from Employee/Labor Relations, Human Resource Services, at 620 W. Lexington Street, Third Floor. 410-706-7302.

**Employee's Name:** ▉▉▉▉▉▉▉▉▉▉

**Job Title:**___Prohram Manager, EHS Projects and Compliance

**School/Department:**___
Department of Environmental Health and Safety (Enterprise Resilience Division of Administration and Finance)

**Campus Address/Location:**
714 W. Lombard St.Baltimore, MD21201__

**Campus Phone:** 410-706-7055
**Home Phone:** 813-335-5880

**Employee's Statement of Grievance:**

I hereby submit this grievance to formally address several serious issues encountered during my employment in the Environmental Health and Safety Department at the University of Maryland Baltimore, specifically wrongful termination, retaliation, attempts for constructive dismissal, subjection to a hostile work environment, harassment, bullying, and discrimination based on my membership in a protected class. These actions are in clear violation of federal and state laws, including Title VII of the Civil Rights Act of 1964 and the Maryland Fair Employment Practices Act (FEPA).

**Protected Activity**

As the Program Manager of EHS Projects and Compliance, I diligently executed my responsibilities, including performing process analysis and reviewing EHS teams and key functions to assess their strengths, challenges, and overall compliance with internal and external requirements and expectations. In executing these duties, I detected defects, issues, root causes, and attempted on multiple occasions to provide the best available remediation recommendations. My efforts were met with hostility and resistance rather than support. Instead of addressing the issues, I was subjected to a pattern of retaliation, discrimination, and harassment that created a toxic work environment.

Revised 8/7/2019

**Hostile Environment Manifestations**

This hostile environment manifested in various forms, including:

- **Avoidance**: Key organizational figures systematically avoided engaging with me.
- **Isolation and Exclusion**: I was intentionally sidelined, ostracized, and denied opportunities to contribute. Critical meetings essential to addressing pressing issues were abruptly canceled without explanation, effectively excluding me from the problem-solving process.
- **Denial of Presenting Findings**: I was unjustly prevented from sharing vital findings with key stakeholders.
- **Transparency and Integrity**: My concerns were communicated with integrity and transparency, yet I faced significant delays in responses and observed efforts to cover up issues.
- **Gaslighting and Denial**: My concerns were dismissed, minimized, and attributed to my own shortcomings or misunderstandings.
- **Sabotage**: My work was undermined through withholding information, interfering with resources, and creating obstacles to my success.
- **Defamation**: False accusations were levied against me to discredit my work and reputation.
- **Intimidation**: I was subjected to passive-aggressive behavior, threats, and other forms of intimidation to silence me.
- **Scapegoating**: Ultimately, I was wrongfully terminated, serving as a scapegoat for broader organizational failings beyond my control.

These actions created a pervasive climate of fear and anxiety, significantly impacting my emotional and physical well-being and job performance. Despite my commitment to the University and my role, I was terminated without just cause, serving as a scapegoat for systemic failures. This wrongful termination constitutes retaliation for reporting misconduct, discrimination based on my protected class, and a violation of my rights to a safe and respectful workplace. The actions of leadership demonstrate a blatant disregard for employee well-being and ethical conduct.

**Adverse Actions and Retaliation**

Despite my efforts to address these serious concerns, I was terminated from my position during my probationary period. This termination occurred shortly after my repeated attempts to bring these issues to light, raising a strong inference of retaliation. These adverse actions include:
- **Wrongful Termination**: Unjustly terminated from my position.
- **Retaliation**: Faced retaliatory actions for reporting issues.
- **Harassment**: Subjected to a hostile and toxic work environment.
- **Discrimination**: Discriminated against based on my protected class in Maryland.
- **Emotional Distress**: Experienced significant emotional distress.
- **Psychological Safety Concerns**: Documented and reported concerns regarding psychological safety.

**Discrimination**

I belong to a protected class as defined by relevant federal and state laws. I believe my termination was influenced by discriminatory motives based on my protected status, further compounding the wrongful nature of my dismissal.

Due to the lack of gender-neutral bathrooms on my floor, I had to travel to other floors to use appropriate restrooms, leading to frequent encounters with employees contributing to the hostile work environment, a situation known to some colleagues as my "walk of shame." To avoid retaliation, I often kept my head down and refrained from speaking. After being accused of "verbal abuse" for not greeting these employees, I felt bullied and resorted to using gender-neutral bathrooms in another building.

My gender identity and expression are protected under Title VII, which prohibits discrimination based on sex, as affirmed by the Supreme Court in Bostock v. Clayton County. Workplace bullying based on gender identity or expression constitutes harassment and can contribute to a hostile work environment. Forcing an employee to use a bathroom inconsistent with their gender identity or one located inconveniently (in another building) is discriminatory. The EEOC guidelines stipulate that employees should have access to restrooms corresponding to their gender identity. The bullying and forced use of a different bathroom created a hostile work environment, violating Title VII if the conduct was severe or pervasive enough to create an intimidating, hostile, or offensive working environment.

**Causal Connection**

The timing of my termination, immediately following my reports of harassment and hostile work environment, suggests a direct causal connection between my protected activity and the adverse action taken against me. My efforts to improve the workplace environment and address unethical behavior were met with retaliation rather than resolution.

After waiting one month for a response to my initial request to meet with the Ombudsman, I finally met with my direct supervisor, Sherry Bohn, on Thursday, July 11, 2024. During this meeting, I encountered resistance, patronizing behavior, gaslighting, and new false accusations that I had not previously heard.

On the day before this meeting, July 10, 2024, I noticed that a Teams message from our admin requesting my availability to sit on an interview panel (a task I had performed multiple times) had been deleted before I could respond. On Monday, July 15, 2024, my weekly meeting with my supervisor was canceled at the last minute, and I was told it would be rescheduled ASAP. I provided Sherry with the necessary files and summary of what we would be covering for an upcoming contract meeting.

On Tuesday, July 16, 2024, Sherry asked me to quickly review something minutes before a leadership meeting. I was then unexpectedly met by HR Director Tanisha Burnt, the first and only HR representative I had encountered at UMB since my start date. Sherry informed me that my probation was being rejected and handed me a letter stating this. When I asked for the reason, Sherry replied, "I do not have to tell you because you are under probation." When I inquired about why she was not considering remediation, she directed me to contact the employee relations representative and stated, "You are leaving this building today and not coming back," before exiting the room.

Revised 8/7/2019

I immediately expressed to Ms. Burnt that the situation was unacceptable and seriously wrong. She claimed to be unaware of my prior reports of retaliation to the Ombudsman and my attempts to find resolution. My access to email and other systems was conveniently shut off, preventing me from accessing relevant documents. Ms. Burnt, while assuring me she was taking notes, asked if I could view anything on my phone. It was evident I was struggling with anxiety and shock. She advised me to show any relevant information to the employee relations representative.

I was then escorted to my office by three security personnel and our admin assistant. I had to wait an excessive amount of time for boxes and a cart to pack up my office, making multiple trips to retrieve my car and park it out front for loading. Notably, I did not see any of the approximately 25 staff members in the building, suggesting they had been made aware of the circumstances and removed from the area leading me to believe they were actively aware of what was occurring. This treatment was unethical, humiliating, and unnecessary. The administrative assistant expressed her ignorance of the situation and apologized, acknowledging the systemic issue that existed before my tenure still remained.

### Documentation and Evidence

I have compiled an inventory of documentation supporting my claims, including:
- Emails, text messages, and correspondence detailing my reports of harassment and hostile work environment.
- Multiple internal and external witness accounts supporting my claims.
- Notes and records of meetings or cancellations of meetings with the aforementioned leaders.
- Relevant documents demonstrating my competence and positive impacts on the department and the retaliatory nature of my termination.

### Employee's Recommended Solution:_____

I respectfully request a thorough investigation into my termination, with particular attention to the following:

- Immediate and thorough investigation into the discriminatory practices and hostile work environment.
- Circumstances leading to my termination and any potential retaliation by leadership (Sherry Bohn, Matthew Fischer, and Jonathan Bratt).
- Any discriminatory actions or biases that may have influenced the decision to terminate my employment.
- Hostile work environment and harassment reports I submitted, and the subsequent actions taken (or not taken) by leadership.
- Implementation of training programs to prevent future occurrences of discrimination, harassment, and retaliation within the organization.

In light of the wrongful termination, discrimination, harassment, hostile work environment, and retaliation I experienced, I am seeking the following remedial actions:

- Reinstatement to my position with full back pay and benefits (including health, lost PTO, tuition reimbursement, etc).
- Home Assignment and Extension of my voluntary resignation date from August 16th to January 16th, allowing me time to search and apply for positions out of the EHS department while remaining within the University.

- Compensation for emotional distress and any other damages incurred due to the wrongful actions.
- Admission of retaliation and wrongful termination by the responsible parties.
- A formal apology to me and the EHS department.
- Termination of leadership members involved for critical integrity deficiencies, gross negligence in a known hostile work environment, and failure to take action.

**Employee's Representative**: Michael S Ludwig, Esq.   **Reps. Phone**: 571-399-6049
**Representative's Address**: 3601 Eisenhower Avenue, Suite 425 Alexandria, VA 22304

_____ _____ 9-22-2024
                                                    **Date**

**Step I.  Department Head or Designee     Date Received:** _____

**Disposition:** _____

_____

_____

**Department Head/Designee Signature**_____   **Date** _____

**I wish to appeal the Step I Grievance Decision:**

**Employee's Signature**_____   **Date** _____

See UMB VII - 8.00 (A) for Step II and Step III Appeal and Mailing Instructions.

Revised 8/7/2019