**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| J. DOE, | * | |
| *Plaintiff,* | * | |
| v. | * | No. 1:25-cv-02242-JRR |
| UNIVERSITY OF MARYLAND, BALTIMORE, | * | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO PROCEED UNDER PSEUDONYM**

Defendant University of Maryland, Baltimore (the "University") respectfully submits this opposition to plaintiff's motion to proceed under pseudonym. For the reasons set forth herein, University requests that plaintiff's motion be denied.

**INTRODUCTION**

Plaintiff J. Doe initiated this discrimination action against the University on July 11, 2025. ECF No. 1. Plaintiff's complaint was filed using a pseudonym, but was not accompanied by a motion allowing plaintiff to proceed in that fashion.[1] Although this failure did not deprive the

---

[1] Plaintiff complains that the University raised this issue in a footnote in its motion to extend time. Namely, when the University filed its motion to extend time, it noted that the complaint "was filed using a pseudonym, but was not accompanied by a motion to proceed under pseudonym, which is required by Federal Rule of Civil Procedure 10(a)." (ECF No. 4 at page 2, fn. 1). Plaintiff alleges that the University's footnote was "troubling," "misleading" and "immediately triggered renewed safety and reputational harms." (ECF 6 at pg. 4). It is unclear how the University noting Plaintiff's noncompliance with federal rules triggered "safety and reputational harms," it remains fact that plaintiff did not file a motion to proceed under pseudonym as required by Federal Rule 10 until the issue was raised by the University. *See Doe v. Weston & Sampson Eng'rs, Inc.,* 743 F. Supp. 3d 751, 758 (D.S.C. 2024) (noting that although the court need not address such a failure, it remained clear that "[p]laintiff's Complaint should have been accompanied by an appropriate request under Rule 10(a) to proceed using a pseudonym").

Court of jurisdiction, *B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021), this requirement and compliance with Federal Rule of Civil Procedure 10(a) "cannot be set aside lightly." *Id.*

While plaintiff has now filed such motion, the motion should be denied because plaintiff has not established that such extraordinary relief is warranted in this standard employment discrimination case. Because plaintiff cannot meet the high standard required to proceed using a pseudonym, the motion should be denied.

## ARGUMENT

**I.      PLAINTIFF FAILED TO ESTABLISH EXCEPTIONAL CIRCUMSTANCES TO WARRANT PROCEEDING UNDER PSEUDONYM.**

Plaintiff's motion to proceed under pseudonym should be denied because they have failed to establish exceptional circumstances that warrant shielding the plaintiff's identity. In the United States, there is a "general presumption of openness of judicial proceedings," which has a basis both in common law and in the First Amendment. *Doe v. Doe*, 85 F.4th 206, 210 (4th Cir. 2023). This presumption is reflected in Federal Rule of Civil Procedure 10(a), which states that a complaint must include a title naming all parties. The U.S. Court of Appeals for the Fourth Circuit has held that "[p]seudonymous litigation undermines the public's right of access to judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). This is "because the public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Sidar*, 93 F.4th 241, 246–47 (4th Cir. 2024) (internal citations omitted). "For that reason, few cases warrant anonymity." *Id.*

In certain exceptional circumstances, however, the court may allow a party to proceed pseudonymously. *Pub. Citizen,* 749 F.3d at 273-74. Before granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against

2

the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274. The Fourth Circuit provides five non-exclusive factors to determine whether to allow the "rare dispensation" of proceeding pseudonymously:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).  In the instant case, consideration of these factors strongly weighs against the use of a pseudonym, particularly when any confidentiality concerns can be addressed using less drastic measures.

Regarding the first factor, the court examines "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature." *Id.*  In their motion, plaintiff alleges that the record contains deeply personal disclosures, including "repeated accounts of being misgendered by supervisors." (ECF 6, pg. 7.)  However, there is no such allegation in the complaint.  Indeed, the motion contains no citation to such an allegation.  In addition, although plaintiff alleges that they were forced to endure "the so-called 'walk of shame' to gender neutral restrooms," and subjected to "humiliating commentary" (although such commentary is not described), this assertion is insufficient to satisfy the first element of the *James* analysis.

Courts in this circuit and beyond have emphasized how exceptional and stigmatizing the issues must be to allow anonymity.  *See Smith v. Towson Univ.,* No. CV JRR-22-2998, 2022 WL 18142844, at *3 (D. Md. Nov. 30, 2022), *aff'd,* No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023) (holding that plaintiff failed to meet the onerous burden to proceed pseudonymously); *Doe*

*v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir.1997) (holding that plaintiff's obsessive-compulsive disorder was a "common enough" disorder and not so "shameful" that it warranted anonymity); *Doe v. UNUM Life Ins. Co. of Am.,* 164 F. Supp 3d 1140, 1146 (N.D. Ca. 2016) (holding "lawyer-plaintiff whose claim centers upon when he became disabled due to mental illness" was not entitled to anonymity); *Doe ex rel. Doe v. Harris,* No. 14–cv– 00802, at *2 (W.D.La. Aug. 25, 2014) (finding plaintiff's mental disorder, which "rendered him perpetually childlike and vulnerable," was not so stigmatizing as to require anonymity).

Although plaintiff concludes that this litigation will require the "disclosure of deeply intimate information," it is not clear what sort of information to which plaintiff refers. The cases cited by plaintiff do not support their conclusion. For example, the facts of *Doe v. Darden Restaurants, Inc.*, 736 F. Supp. 3d 297, 300 (D. Md. 2024) bear no resemblance to this case. In *Darden Restaurants*, plaintiff alleged that her coworker "consistently rubbed and pressed his crotch against Plaintiff's behind when he walked behind her," and "anytime Plaintiff bent over." *Id.* As a result, the plaintiff in *Darden Restaurants* "became vigilant to avoid [the coworker] and check her surroundings at all times for fear that he would again grind his pelvis against her." *Id.* Similarly, *Doe v. Sidar*, involves an allegation of sexual assault. *Sidar*, 93 F.4th at 243.[2] The allegations in this case, involving workplace discrimination and retaliation, stand in stark contrast to the cases cited by plaintiff. Therefore, plaintiff has not met their heavy burden of establishing that this case involves a matter of sensitive and highly personal nature. Instead, this case reflects

---

[2] Plaintiff also cites to *Doe v. Doe*, 85 F.4th 206 (4th Cir. 2023), but this case does not support plaintiff's position. In *Doe v. Doe,* the Fourth Circuit found no abuse of discretion in the denial of plaintiff's motion to proceed utilizing a pseudonym. *Id.* (noting that the appellant did not provide any evidence to support fears that plaintiff could be targeted for retaliatory physical or mental harm, and such conclusory allegations are not sufficient).

issues of workplace disagreements and employee performance typical of a discrimination and retaliation case.  Therefore, this factor weighs in favor of denying plaintiff's motion.

The second factor, which considers whether proceeding publicly "poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties," also weighs against anonymity.  *James*, 6 F.3d at 238.  In their motion, plaintiff asserts that there is a risk of retaliatory harm because they are a current student, and bringing suit could "alter their day-to-day educational environment." Motion, pg. 8. However, this assertion is speculative and conclusory and does not show any real risk of retaliation. *See Doe v. Doe*, 85 F.4th 206, 214 (4th Cir. 2023) (denying student's request to use a pseudonym, despite his allegation that he would suffer "loss of educational and career opportunities" as a result).  There are no *facts* to suggest that plaintiff is at any risk of retaliation by the University or anyone else.  This is especially true in an educational environment that regularly uses blind grading.  Further, there is no suggestion that proceeding publicly poses any risk whatsoever to any non-parties.

The cases cited by plaintiff with regard to the second factor are inapposite.  As described above, the facts of *Darden Restaurants, Inc*. are distinguishable because that case involved alleged sexual assault, and the alleged harasser lived near the plaintiff.  736 F. Supp. 3d at 300.  More importantly, in *Darden Restaurants, Inc*., the plaintiff established their fear of retaliation in a letter from a psychiatrist.  Plaintiff also cites to *P.K. v. U.S. Customs & Border Prot.*, a case brought by a non-U.S. citizen challenging the revocation of his student visa.  No. CV 22-1983, 2022 WL 22626436, at *1 (D.D.C. July 12, 2022).  In *P.K.*, the plaintiff provided evidence of two previous instances where he was subjected to threats and physical violence in his home country, and there was a real risk he would be returned there.  *Id*. at *3.  The court held that these facts established a risk of retaliatory physical harm.  *Id*.  These cases, where evidence demonstrated a risk of physical

5

harm to the individual plaintiffs, are much different than plaintiff's allegation here of a risk of violence toward transgender individuals generally, nationwide, regardless of whether those individuals have engaged in litigation. *See* Motion, pg. 9. *See also Doe v. Kuhn*, No. 7:23-CV-209, 2023 WL 4687209, at *3 (W.D. Va. July 21, 2023) ("Fear of humiliation and embarrassment or the threat of economic harm, especially when unsubstantiated, are not a sufficient reason to grant a motion to proceed pseudonymously.") Because there is no evidence concerning a risk of retaliatory harm to plaintiff or any non-parties, the second factor does not support plaintiff's request to proceed pseudonymously.

The third factor, which considers "the ages of the persons whose privacy interests are sought to be protected," also weighs against anonymity. *James*, 6 F.3d at 238.   While plaintiff does not disclose their age in their motion, they acknowledge that they are not a minor.  Motion at 3.  Thus, since plaintiff is not a minor, this factor weighs against granting plaintiff's motion. *See Smith v. Towson Univ.,* 2022 WL 18142844, at *3 (noting that when plaintiff is not a minor, age is not a factor with respect to an analysis of the *James* factors); *Doe v. Doe*, 85 F.4th 206, 214–15 (4th Cir. 2023) (stating that the district court determined that the third factor weighed against anonymity because all parties were adults, which holding was not challenged on appeal).  The fact that plaintiff is a graduate student does not change the analysis of this factor.

Plaintiff's reliance on *Doe v. Sidar* here is misplaced, as that case did not analyze this factor, instead remanding the case to the trial court so that it could conduct the analysis.  93 F.4[th] at 248; *see also* Motion, pg. 10.  Plaintiff has not cited any cases where a dual role as a former employee and current student changes the analysis as to the age of the plaintiff.  Therefore, the third step in the analysis weighs against anonymity.

The fourth factor considers whether the claim is against a government or private party whose reputation may be unfairly harmed if plaintiff is permitted to proceed anonymously. *James,* 6 F.3d at 238. Plaintiff acknowledges that "the interest of the public and press in access to civil proceedings as at its apex when the government is a party to the litigation." Motion, pgs. 11-12 (*citing Doe v. Public Citizen*, 749 F.3d 246, 271 (4th Cir. 2014)). But this factor also weighs against anonymity because plaintiff's complaint identifies many employees of the University whose reputations could be damaged by plaintiff's allegations of discrimination and retaliation. *See Smith v. Towson Univ.,* 2022 WL 18142844, at *3 (analyzing reputational risk to defendant's employees identified in plaintiff's complaint). Plaintiff should not be permitted to make such allegations from a position of anonymity. Indeed, courts have recognized a concern that "anonymity may serve as a 'shield behind which' false or 'defamatory charges may be launched without shame or liability,' thus creating the risk a blameless defendant will suffer embarrassment and reputational damage merely by being sued." *Sidar*, 93 F.4th at 249 (quoting *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005)). That risk is particularly acute here, where plaintiff has threatened a "media release." Exhibit F to Motion (ECF 6-6). Because the individuals identified in the complaint face the risk of significant reputational harm, the fourth *James* factor weighs heavily against allowing plaintiff to proceed anonymously.

With regard to the fifth and final factor, "the risk of unfairness to the opposing party" cuts heavily against pseudonymity. In cases such as this where liability has not been established, courts recognize there is "risk that jurors may view a decision to let one side proceed anonymously as suggesting that the anonymous party's claims are valid or that it has the better case than the non-anonymous party." *Sidar*, 93 F.4th at 249; *see also James*, 6 F.3d at 241 (recognizing the "concern that the jury's very knowledge that pseudonyms were being used" could "tend to validate" the

7

plaintiff's claims); *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (noting "risk that the . . . use of pseudonyms might prejudice the jury" in the anonymous party's favor). Moreover, "[t]here is also the one-sidedness of allowing a plaintiff to 'have [their] cake and eat it too' by gaining the ability to stay anonymous if they lose—thus avoiding reputational harms from disclosing the underlying facts or bringing an unsuccessful lawsuit—while retaining the power to reveal their identity if they win. *Sidar*, 93 F.4th at 249 (quoting *Doe v. Doe*, 85 F.4th at 217). This demonstrates a significant risk of unfairness to the University and the individuals identified in the complaint. Indeed, "[a]llowing one party to proceed anonymously increases the potential for abusive suits that use the threat of reputational damage to exact revenge or to extract settlements from innocent parties." *Sidar*, 93 F.4th at 250 (J. Wilkinson, concurring). Here, this risk is not just theoretical. Exhibit F to plaintiff's motion (ECF 6-6) includes a demand for money, and that if that demand is not paid there would be a "coordinated media release" to no less than 12 media outlets, with a warning that the University should "be guided accordingly." These concerns all point to a significant risk of unfairness to the defendants if the instant motion is granted. *See also Doe ex rel. Doe v. Harris*, No. CIV.A. 14-0802, 2014 WL 4207599, at *3 (W.D. La. Aug. 25, 2014), *aff'd*, No. CIV.A. 14-0802, 2015 WL 5664255 (W.D. La. Sept. 24, 2015) ("[I]f plaintiff here were permitted to proceed anonymously, defendants would be placed at a serious disadvantage, for they would be required to defend themselves in the public arena while plaintiff could hurl accusations at them from behind 'a cloak of anonymity.'")

Significantly, the concerns raised in plaintiff's motion can be addressed through less restrictive measures than proceeding under a pseudonym. Plaintiff's primary concern seems to involve the disclosure of certain "deeply personal" matters. Such information, once identified, can

be easily protected from public disclosure through a confidentiality order.  Personal information can be redacted.

Plaintiff should be treated like other plaintiff alleging discrimination: they should litigate this case in their own name.  Because plaintiff has failed to identify exceptional circumstances to overcome the constitutionally embedded presumption of openness in judicial proceedings, their request to proceed anonymously should be denied.

## II.    PLAINTIFF'S REQUEST FOR AN ORDER TO PROHIBIT DEFENDANT FROM PUBLISHING ANY COMMUNICATIONS REGARDING THE SUBSTANCE OF PLAINTIFF'S SUIT IS BOTH VAGUE AND OVERBROAD.

In plaintiff's proposed order, in addition to seeking an order allowing plaintiff to proceed utilizing a pseudonym, plaintiff seeks an order requiring that the University "refrain from publishing any communications regarding the substance of Plaintiff's suit or their identity."  This restraint is not described in the motion, and there is no basis for such a vague and overbroad prohibition.  First, in this instance the word "publish" is not defined.  It is unclear whether this prohibition would prevent the University from reporting on pending litigation in the ordinary course of its business.  In addition, the relief sought does not comply with Local Rule 104.13, which contains specific requirements for proposed confidentiality orders.

Moreover, the limitation sought to be imposed on the University directly contradicts plaintiff's apparent desire to involve the media.  *See* Exhibit F to Motion.  As stated previously, concerns about confidentiality are most appropriately handled through entry of a narrowly tailored confidentiality order that complies with the Local Rules.

**CONCLUSION**

For the foregoing reasons, the plaintiff's motion should be denied in its entirety.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ *Michelle McGeogh*

_____

MICHELLE MCGEOGH
Federal Bar No. 28778
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 17th Floor
Baltimore, Maryland  21202
MMcGeogh@oag.state.md.us
(410) 576-7941
(410) 576-6437 (facsimile)

September 23, 2025

*Attorneys for University of Maryland, Baltimore*

**CERTIFICATE OF SERVICE**

I certify that, on this 23rd day of September, 2025 the foregoing was served by CM/ECF on all registered CM/ECF users.

/s/ *Michelle M. McGeogh*
Michelle McGeogh

10