**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND**
Northern Division

| | | |
|---|---|---|
| J. DOE, | ) | |
| | ) | |
| *Plaintiff,* | ) | CIVIL ACTION NO: |
| | ) | 1:25-cv-02242-JRR |
| v. | ) | |
| | ) | |
| THE UNIVERSITY OF MARYLAND, | ) | |
| BALTIMORE | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

---

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS

Plaintiff J. Doe, by and through undersigned counsel, respectfully moves this Court to strike Defendants' Memorandum in Support of their Partial Motion to Dismiss (Doc. 9-1) because it fails to comply with the mandatory page limits imposed by Local Rule 105.3 of this Court. The Rule provides that memoranda in support of a motion or in opposition thereto may not exceed thirty (30) pages, absent leave of Court. Defendants' Memorandum spans thirty-three (33) pages. Defendants neither sought nor obtained leave of Court to exceed the page limits.

Adherence to the Local Rules is not optional. Allowing an oversized memorandum without leave creates an uneven playing field, disadvantages the opposing party, and imposes unnecessary burdens on the Court. Because Defendants failed to comply with Local Rule 105.3, their Memorandum should be stricken in whole or in part, and Defendants should be required to refile a compliant brief.

## I.    **PROCEDURAL BACKGROUND**

Plaintiff filed this action on July 11, 2025, asserting claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the United States Constitution; the Maryland Constitution; the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-601 *et seq.*; the Maryland State Personnel and Pensions Code, Md. Code Ann., State Pers. & Pens. § 2-301 *et seq.*; the Maryland Equal Pay for Equal Work Law, Md. Code Ann., Lab. & Empl. § 3-301 *et seq.*; the Baltimore City Code; and Maryland common law. (Doc. 1).

Defendants, , the University of Maryland, Baltimore, entered their appearance through counsel and requested additional time to respond. On September 18, 2025, Defendants filed a Partial Motion to Dismiss (Doc. 9) and a supporting memorandum (Doc. 9-1). The supporting memorandum spans thirty-three (33) pages, exceeding the thirty (30) page limit imposed by Local Rule 105.3. Defendants neither filed a motion for leave to exceed the page limit nor obtained authorization from the Court to do so.

Plaintiff now moves to strike Doc. 9-1 in its entirety and requests that Defendants be required to refile a compliant memorandum within the thirty-page limit.

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." Although Rule 12(f) by its terms applies to pleadings, this Court has also exercised its inherent authority to strike or disregard filings that fail to comply with the Local Rules, including page limitations. *See Anusie-Howard v. Todd*, 920 F. Supp. 2d 623, 627 (D. Md. 2013) (recognizing the Court's inherent power to manage its docket, including striking filings, provided that such authority is exercised with restraint and discretion).

Local Rule 105.3 imposes strict page limitations on memoranda filed in support of or in opposition to motions. The Rule provides: "unless otherwise ordered by the Court, memoranda in support of a motion or in opposition thereto and trial briefs shall not exceed thirty (30) pages." D. Md. Loc. R. 105.3. Compliance with this requirement is mandatory, and a party seeking to exceed the thirty-page limit must move for and obtain leave of Court before filing. Where no leave has been sought, the Court has broad discretion to strike, refuse to consider, or order refiling of a noncompliant submission.

This Court has consistently emphasized the importance of enforcing page limits to preserve fairness and judicial efficiency. *See Gross v. SES Americom, Inc.*, 225 F.R.D. 169, 170–71 (D. Md. 2004) (requiring parties to refile memoranda in conformity with the page limits where neither side sought leave to exceed them and emphasizing that the proper procedure is to move for leave in advance).

Generally, this Court retains discretion in determining how to address oversized filings, but that discretion operates within the framework of Local Rule 105.3, which governs the page limitations for memoranda. The Rule makes clear that the proper procedure is to seek leave in advance, not to file in violation of its requirements.

III. **ARGUMENT**

A. **Defendant's Filing Exceeds the Page Limit Mandated by Local Rule 105.3**

Local Rule 105.3 provides that "[u]nless otherwise ordered by the Court, memoranda in support of a motion or in opposition thereto and trial briefs shall not exceed thirty (30) pages." D. Md. Loc. R. 105.3. Defendant's Memorandum in Support of its Motion for Partial Dismissal (Doc. 9-1) is thirty-three pages in length, plainly exceeding the thirty-page limitation. Defendant did not move for, nor did the Court grant, leave to exceed the Rule's limit.

This Court has repeatedly emphasized that compliance with Local Rule 105.3 is mandatory, and that strict enforcement of page limits is necessary to ensure fairness, avoid undue burden on opposing parties, and maintain judicial efficiency. *See Gross v. SES Americom, Inc.*, 225 F.R.D. 169, 170–71 (D. Md. 2004) (requiring both parties to refile oversized memoranda and cautioning that "an unauthorized deluge of paper" impairs the Court's ability to function effectively). The violation here is not speculative or borderline: Defendant filed a memorandum that is over the limit, without seeking leave, in direct contravention of the Rule.

Accordingly, Defendant's filing is facially noncompliant and should be stricken in its entirety or, at minimum, refiled in conformity with the Rule.

**B. Defendant Failed to Seek Leave of Court to File an Oversized Memorandum.**

The proper mechanism for exceeding the page limit is to move for leave of court before filing. *See* 225 F.R.D. at, 170 ("the proper course is to file a motion for leave to file excess pages, which neither party did."). Defendant made no such request here. Instead, it unilaterally filed a thirty-three–page memorandum in support of its Motion for Partial Dismissal (Doc. 9-1), knowingly exceeding the thirty-page limit imposed by Local Rule 105.3.

Although this Court has discretion to grant leave when good cause is shown, that relief is disfavored and must be sought proactively. *See Brown v. Brown's Md. Motors, Inc.*, 607 F. Supp. 3d 620, 625 (D. Md. 2022). Defendant neither sought permission in advance nor offered any justification for exceeding the limit. Its overlength filing was not inadvertent or technical but a conscious decision to disregard the Rule.

IV.     <u>**CONCLUSION**</u>

As demonstrated above, Defendant's Memorandum in Support of its Motion for Partial Dismissal (Doc. 9-1) is thirty-three pages long, exceeding the thirty-page limit imposed by Local

4

Rule 105.3. Defendant did not seek or obtain leave of Court to exceed this limit. Allowing the oversized filing to stand would unfairly prejudice Plaintiff and undermine the uniform application of this Court's procedural rules. By contrast, requiring Defendant to refile a compliant memorandum imposes only a minimal burden and ensures adherence to the Local Rules that safeguard fairness and judicial efficiency.

For all the reasons set above, Plaintiff respectfully request that this Court enter an order granting the following relief:

(1) Strike Defendant's Memorandum in Support of its Motion for Partial Dismissal (Doc. 9-1) in its entirety;

(2) In the alternative, should the Court deny Plaintiff's motion in whole or in part, extend Plaintiff's deadline to respond to Defendant's Motion for Partial Dismissal by fourteen (14) days from the date of the Court's Order; and

(3) Grant such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiff J. Doe respectfully requests that this Court grant this Motion and all relief consistent with the foregoing.

Respectfully submitted,

*/s/ Francisco E. Mundaca*
Francisco E. Mundaca, Esq.
(Bar No. 21701)
fmundaca@mundacalaw.com

*/s/ Zachary S. Aman*
Zachary S. Aman, Esq.
(Bar No. 31628)
zaman@mundacalaw.com

THE MUNDACA LAW FIRM, LLC
1997 Annapolis Exchange Parkway, Suite 300
Annapolis, MD 21401
Phone: (202) 474-8500
Fax: (240) 233-8626

5

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing on all counsel of record via electronic filing using the Court's ECF system:

Michelle McGeough
Federal Bar No. 28778
Assistant Attorney General
 Office of the Attorney General
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202
MMcGeogh@oag.state.md.us
(410) 576-7941
(410) 576-6437 (facsimile)

*Attorney for University of Maryland, Baltimore*

/s/ Francisco E. Mundaca