IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **J. DOE,** | |
| *Plaintiff,* | |
| v. | **Civil No.: 1:25-cv-02242-JRR** |
| **UNIVERSITY OF MARYLAND, BALTIMORE,** | |
| *Defendant.* | |

**MEMORANDUM OPINION**

Pending before the court is Plaintiff's Motion to Proceed Under Pseudonym, for Protective Order, and to Seal Portions of the Record (ECF No. 6; the "Pseudonym Motion"), and Plaintiff's Motion for Leave to Amend Complaint (ECF No. 16; the "Motion for Leave to Amend"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons that follow, by accompanying order, Plaintiff's Pseudonym Motion will be granted in part and denied in part, and Plaintiff's Motion for Leave to Amend will be granted.

I.      **BACKGROUND**

Plaintiff J. Doe, a non-binary/transgender individual who uses they/them pronouns,[1] initiated this action alleging employment discrimination on the basis of sex (specifically gender identity), retaliation, and constitutional violations by Defendant University of Maryland, Baltimore ("UMB") on July 11, 2025. (ECF No. 1.) Plaintiff's Complaint asserts claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the United States Constitution, the Maryland Constitution, the Maryland Fair Employment Practices Act, MD.

---

[1] The court adopts Plaintiff's chosen pronouns and uses singular they/them pronouns to refer to Plaintiff throughout this opinion.

CODE ANN., STATE GOV'T § 20-601 *et seq*. ("MFEPA"), the Maryland State Personnel and Pensions Code, MD. CODE ANN., STATE PERS. & PENS. § 2-301 *et seq.*, the Maryland Equal Pay for Equal Work Law, MD. CODE ANN., LAB. & EMPL. § 3-301 *et seq.*, the Baltimore City Code, and Maryland common law. (ECF No. 1 at pp. 18–32.)

In the Pseudonym Motion, Plaintiff seeks an order permitting Plaintiff to proceed under the pseudonym J. Doe, entering a protective order governing the handling and use of Plaintiff's identity during this action, and authorizing the sealing or redaction of Plaintiff's identifying information. Defendant opposes the requested relief. (ECF No. 10.)

On September 18, 2025, Defendant filed a Motion for Partial Dismissal of Plaintiff's Complaint. (ECF No. 9.) In response to Defendant's motion, Plaintiff filed a Motion to Strike Defendant's Memorandum in Support of Partial Motion to Dismiss (ECF No. 11) for failure to comply with the page limitations under Local Rule 105.3. On October 8, 2025, the court denied Plaintiff's Motion to Strike and ordered Plaintiff to respond to Defendant's motion within 10 days. (ECF No. 13.) On October 20, 2025, Plaintiff filed an Amended Complaint. (ECF No. 14.) The Clerk's Office subsequently issued a QC Notice on the docket, informing Plaintiff that a motion for leave to amend was required and labelling the Amended Complaint at ECF No. 14 as filed in error. (ECF No. 15.)

On October 27, 2025, Plaintiff filed the instant Motion for Leave to Amend, seeking leave to file an Amended Complaint in response to arguments made by Defendant in its Motion for Partial Dismissal. (ECF No. 16.) Defendant opposes the Motion for Leave to Amend, arguing that Plaintiff's proposed amendments are futile. (ECF No. 18.) The court addresses the Pseudonym Motion and Motion for Leave to Amend in turn below.

**II.    ANALYSIS**

**A. Plaintiff's Pseudonym Motion**

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all parties. FED. R. CIV. P. 10(a). In exceptional circumstances, however, the court may allow a party to proceed pseudonymously. *Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014). Before granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274. The Fourth Circuit provides five non-exhaustive factors that courts should consider in determining whether to grant a request to proceed pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

With respect to the first factor, Plaintiff's request for a pseudonym must be for the purpose of preserving "privacy in a matter of sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend any litigation." *Jacobson*, 6 F.3d at 238. In the instant case, Plaintiff's allegations pertain to their complaints of discrimination on the basis of gender identity, including "repeated misgendering, denial of access to restrooms aligned with their

gender identity, and humiliating commentary about their 'private parts' and so-called 'walk of shame.'" (ECF No. 6 at p. 6; ECF No. 1 ¶¶ 24, 26–33.) Plaintiff argues that these allegations concern private matters, "implicating the exact kind of intimate, identity-based disclosures courts have consistently recognized as warranting pseudonymity." (ECF No. 6 at p. 6.) Defendant argues that Plaintiff has not met the burden of establishing that this case involves matters of a sensitive and highly personal nature, and instead, "reflects issues of workplace disagreements and employee performance typical of a discrimination and retaliation case." (ECF No. 10 at pp. 4–5.)

The court does not find Defendant's argument compelling. "Many courts have allowed transgender plaintiffs to proceed anonymously where their anonymity will not prejudice defendants." *Hersom v. Crouch*, No. 2:21-CV-00450, 2022 WL 908503, at *2 (S.D.W. Va. Mar. 28, 2022) (finding that "[t]he first and second *Jacobson* factors weigh in favor of anonymity for transgender plaintiffs . . . [as] a person's transgender status is a highly sensitive and personal matter."); *see Doe v. City of Detroit*, No. 18-CV-11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) (collecting cases) (noting that "[s]everal courts have held that an individual's transgender identity can carry enough of a social stigma to overcome the presumption in favor of disclosure."). Moreover, as previously observed by this court:

> In *Bostock v. Clayton County*, 590 U.S. 644, 140 S. Ct. 1731, 207 L.Ed.2d 218 (2020), the United States Supreme Court resolved that discrimination against gay or transgender employees is discrimination "on the basis of sex" for purposes of Title VII, because "to discriminate on these grounds requires an employee to intentionally treat individual employees differently because of their sex." *Id.* at 1742. For example, an employer who "fires [a] male employee for no reason other than the fact he is attracted to men," but tolerates the same trait (sexual attraction to men) in a female employee "singles out an employee to fire based in part on the employee's sex." *Id.* at 1741. The employer would not have fired the employee had he been a woman.

*Doe v. Cath. Relief Servs.*, 529 F. Supp. 3d 440, 447 (D. Md. 2021).  Thus, discrimination based on gender identity is a form of discrimination "on the basis of sex."  *Id.*

In *Doe v. Cabrera*, although in the context of sexual assault, the District Court for the District of Columbia found that multiple references to the plaintiff's genitalia, among other things, constituted a "sensitive and highly personal" matter.  307 F.R.D. 1, 5–6 (D.D.C. 2014).  Here, Plaintiff's request to proceed by pseudonym turns on the disclosure of their gender identity and references to their genitalia and bathroom habits, not on the specific claims asserted.  Accordingly, the court concludes that Plaintiff's allegations contain matters that are of a highly sensitive and personal nature, and, especially in light of the stigmatizing nature of the allegations, the first factor weighs in favor of allowing Plaintiff to proceed by pseudonym.  *Jacobson*, 6 F.3d at 238.

The second factor considers whether denying the Motion would "pose[] a risk of retaliatory physical or mental harm" to Plaintiff.  *Jacobson*, 6 F.3d at 238.  Plaintiff argues that they face the risk of both personal and professional harm because, "[a]s a non-binary student[2], disclosure of their identity in connection with these allegations would place them at heightened risk of retaliation and stigma in their scholarly community."  (ECF No. 6 at p. 8.)  Additionally, Plaintiff contends "the current social climate surrounding LGBTQ+ individuals amplifies the risk of harassment, threats, or other forms of retaliation if [Plaintiff] is forced to proceed under their legal name."  *Id.* at p. 9.  Defendant responds that this factor does not weigh in favor of allowing Plaintiff to proceed by pseudonym because "[t]here are no facts to suggest that [P]laintiff is at any risk of retaliation by the University or anyone else[]" and Plaintiff's fear of retaliation turns on their current status as a student.

---

[2] Plaintiff's Pseudonym Motion provides that Plaintiff is a current graduate student and prospective bar applicant (to practice law) subject to character-and-fitness review.  (ECF No. 6.)  The court notes that Plaintiff's Complaint alleges employment discrimination and retaliation arising from their employment with Defendant and references Plaintiff's status as a graduate student only once.  (ECF No. 1 at p. 2.)

While reputation risks alone may not be "sufficient to outweigh the public interest in the openness of this litigation," *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 809 (E.D. Va. 2012), there is a risk of retaliatory or mental harm where a plaintiff "may face psychological harm from having [their] sensitive experience made permanently available to anyone with Internet access." *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013). Where "there could be some risk of mental harm to plaintiff upon public dissemination of [their] identity in connection with" sensitive personal information, anonymity may be warranted. *Doe v. Chesapeake Med. Sols., LLC*, No. CV SAG-19-2670, 2020 WL 13612472, at *2 (D. Md. Feb. 26, 2020).

The court is not persuaded that Plaintiff's status as a graduate student weighs in favor of allowing Plaintiff to proceed by pseudonym, as the factual allegations and claims in the Complaint are unrelated to their graduate studies. Nevertheless, the court is persuaded that, were it to deny the motion, Plaintiff would be vulnerable to psychological harm as a result of the highly sensitive information regarding their gender identity being made public. *See Spoa, LLC*, 2013 WL 5634337, at *3, *supra*. This is particularly true in light of the risk of stigma to transgender and non-binary individuals. *See Hersom v. Crouch*, 2022 WL 908503, at *2 (finding that "transgender individuals often face verbal and physical harassment when forced to reveal their transgender status.) Therefore, the second factor further weighs in favor of allowing Plaintiff to proceed by pseudonym.

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *Jacobson*, 6 F.3d at 238. Plaintiff is not a minor. (ECF No. 6 at p. 10.) Accordingly, the third factor weighs against permitting Plaintiff to proceed under a pseudonym.[3] *See Smith v.*

---

[3] Plaintiff relies on *Doe v. Sidar*, decided by the Fourth Circuit, for the proposition that the court did not limit the protection of pseudonymity to minors but also "extended it to adults compelled to disclose 'intimate details' resulting

*Towson Univ.*, No. CV JRR-22-2998, 2022 WL 18142844, at \*2 (D. Md. Nov. 30, 2022), *aff'd*, No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023) (finding the third factor weighed against permitting plaintiff to proceed by pseudonym where he was not a minor); *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 731 (W.D. Va. 2012) (same).

The fourth *Jacobson* factor considers whether Plaintiff's action is against a governmental entity or, instead, a private party whose reputation may be harmed unfairly if Plaintiff is permitted to proceed anonymously. "[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004). "Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). UMB is an institution created by the State of Maryland. MD. CODE ANN., EDUC. § 12-101.

Although UMB is the sole Defendant in this action, it argues that Plaintiff's Complaint identifies specific employees of Defendant "whose reputations could be damaged by [P]laintiff's allegations of discrimination and retaliation . . . [and] Plaintiff should not be permitted to make such allegations from a position of anonymity." (ECF No. 10 at p. 7.) As noted by Defendant, this court has previously held that the fourth *Jacobson* factor "does not weigh in favor of granting Plaintiff a pseudonym because Plaintiff identifies individual employees of [Defendant] and does risk harm to the reputation of those private individuals." *Smith v. Towson Univ.*, No. CV JRR-22-2998, 2022 WL 18142844 (D. Md. Nov. 30, 2022), *aff'd,* No. 22-2319, 2023 WL 3053034 (4th

---

in psychological trauma or reputational harm." (ECF No. 6 at p. 10.) That case is inapposite, as the Fourth Circuit's analysis concerned whether the district court abused its discretion when granting the defendant's motion to remove a pseudonym designation after entry of default judgment and before a trial for damages; it made no reference to the plaintiff's age. *Doe v. Sidar*, 93 F.4th 241 (4th Cir. 2024).

7

Cir. Apr. 24, 2023). Here, although not named Defendants, Plaintiff's Complaint identifies several individual employees of UMB who they allege discriminated against them. Thus, there is a risk of harm to the individuals' reputations. Accordingly, the fourth factor weighs against allowing Plaintiff to proceed by pseudonym.

With respect to the fifth *Jacobson* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." 6 F.3d at 238. Where Defendant knows who Plaintiff is and is "fully capable of investigating and responding to [their] allegations," there is no risk that allowing Plaintiff to proceed by pseudonym will prejudice Defendant's defense. *Spoa, LLC*, 2013 WL 5634337, at *3; *see Alger*, 317 F.R.D. at 41 (finding the fifth factor weighs in favor of anonymity where defendants are fully aware of plaintiff's identity and fail to articulate how they would be prejudiced in their defense). Here, Defendants know Plaintiff's identity. Further, in their opposition, Defendants assert a risk that jurors may be (inappropriately) swayed by Plaintiff's appearance under pseudonym, and that this risk disfavors granting the motion under factor five. *See Doe v. Ayers,* 789 F.3d 944 (9th Cir. 2015 (noting "[T]he risk that the plaintiffs' use of pseudonyms might prejudice the jury in their favor or undermine efforts to impeach them was relevant to the court's analysis."). Such argument is unavailing. The court's order applies to the docket and future filings; it is not applicable to any future trial—which is to say, the court makes no finding as to Plaintiff's entitlement to proceed under pseudonym at trial. Therefore, the fifth factor weighs in favor of granting the Motion.

Weighing all *Jacobson* factors together, and the posture and circumstances of the case, the court concludes that this action implicates Plaintiff's privacy interests pertaining to highly sensitive and stigmatizing matters, and that these interests "substantially outweigh the presumption of open judicial proceedings." *See Pub. Citizen*, 749 F.3d at 274, *supra*. Accordingly, allowing

Plaintiff to proceed in this action under the pseudonym "J. Doe" is warranted.   The court will order that any document that identifies Plaintiff by name, in whole or in part, shall be filed under seal, with redacted copies to be placed in the public file.[4]

Plaintiff's Pseudonym Motion also requests entry of a "protective order governing the handling and use of Plaintiff's identity, ensuring that personally identifying information remains confidential and redacted from public filings," and prohibiting "Defendant and [its] agents from [p]ublishing any communications regarding the substance of Plaintiff's suit or their identity." (ECF No. 6. at p. 14.)  Defendant argues that this restraint (and any basis therefore) is not described in the substance of Plaintiff's Pseudonym Motion and there is no basis for the overly broad prohibition.  (ECF No. 10 at p. 9.)   In their reply, Plaintiff clarifies that they seek "only the protection necessary to give effect to pseudonymity."  (ECF No. 12.)

The court's order shall be limited to the use of Plaintiff's name in public filings; Plaintiff's requested protective order is overly broad and amounts to prior restraint.  The court is satisfied that an order allowing Plaintiff to proceed in this action under pseudonym and requiring sealing of any document identifying Plaintiff by name provides sufficient and appropriate protection at this time.   Nothing before the court suggests Defendant plans to, or will, engage in retaliatory publication of Plaintiff's true identity in conflagration of the court's purpose and objective in this order to balance protection of Plaintiff's identity for the reasons discussed herein with public access to the docket and forum.  Accordingly, Plaintiff's request for a protective order is denied.

---

[4] To the extent Plaintiff's Pseudonym Motion requests authorization for Plaintiff to proceed by pseudonym in all future proceedings, that request is denied without prejudice.  Plaintiff may renew this request prior to any future scheduled hearing in this matter.

### B. Plaintiff's Motion for Leave to Amend

Under Rule 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a motion under Rule 12(b), whichever is earlier. FED. R. CIV. P. 15(a)(1). When the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a)(2) further instructs that a court should "freely give leave [to amend] when justice so requires," and commits the matter to the discretion of the district court. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). "The Supreme Court has emphasized that 'this mandate is to be heeded.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"The Fourth Circuit's policy is 'to liberally allow amendment.'" *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509; see *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15"). A court is also permitted to deny as futile a request for leave to amend where the "proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); *see In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) ("[I]n recent years, we have made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny.").

As an initial matter, Plaintiff argues that the Amended Complaint filed on October 20, 2025, at ECF No. 14, was filed as a matter of course pursuant to Rule 15(a)(1)(B), allowing amendment within 21 days after service of a motion under Rule 12(b). (ECF No. 16-1 at p. 3.) Defendant filed its Rule 12(b) motion on September 18, 2025, and Plaintiff filed a motion to strike one week later, which the court subsequently denied, requiring Plaintiff to submit a response to Defendant's Rule 12(b) motion within 10 days, by October 20, 2025. On October 20, 2025, Plaintiff filed the Amended Complaint at ECF No. 14.

Plaintiff contends the Amended Complaint was timely filed as of right pursuant to Rule 15(a)(1)(B) because it was filed within the extended response period ordered by this court. (ECF No. 16-1 at p. 4.) Plaintiff cites no supporting legal authority that the court's extension of a response deadline to a Rule 12(b) motion operates in tandem to extend the deadline to file an amended complaint pursuant to Rule 15(a)(1)(B). Rule 15(a)(1)(B) is clear that an amended pleading filed as a matter of course must be filed within 21 days after service of a motion under Rule 12(b). Here, to avoid having to obtain leave of court, Plaintiff should have file an Amended Complaint on or before October 9, 2025, which they failed to do. Accordingly, the court addresses the Motion for Leave to Amend pursuant to Rule 15(a)(2).

Plaintiff filed the Motion for Leave to Amend "to respond to the issues identified in Defendant's Motion to Dismiss[.]" (ECF No. 16-1 at p. 2.) Defendant does not argue, nor does the court discern, that Plaintiff's amendment would be prejudicial or is made in bad faith. Instead, Defendant argues that leave to amend should be denied because amendment would be futile. (ECF No. 18 at pp. 6–18.) As explained above, leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510, *supra*. A court may also deny as futile a request for leave to amend where the

"proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle*, 637 F.3d at 471, *supra*.

Plaintiff seeks leave to amend to add factual allegations, "remove claims barred by the Eleventh Amendment[,] and focus[] the case on those causes of action properly cognizable against Defendant." (ECF No. 16-1 at p. 4.) Notably, Plaintiff seeks to remove six of the original 10 counts, including their constitutional and state law claims, and seeks to add two new claims for discrimination and retaliation in violation of 20 U.S.C. § 1681 *et seq.,* Title IX. (ECF No. 16-3 at pp. 28–32.) The court appreciates Defendant's position is that Plaintiff's proposed amendment fails to cure all deficiencies noted in its motion to dismiss. (ECF No. 18 at p. 3.) While the court makes no findings on the merits of Plaintiff's allegations on the whole, it is not persuaded that allowing Plaintiff to amend their pleading for their stated reasons is "clearly insufficient or frivolous in its face." *Johnson*, 785 F.2d at 510, *supra*.

Moreover, while the Fourth Circuit permits courts to deny a plaintiff leave to amend where the plaintiff fails to state a claim pursuant to Rule 12(b)(6), the court declines to undertake that analysis here. In all, this case is in the early stages of litigation—no scheduling order has been issued; no discovery has occurred. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *Medline Indus., Inc. v. York Bldg. Prods. Co.*, 702 F. Supp. 3d 403, 408–409 (D. Md. 2023). In the view of the court, Defendant's arguments are better aired and evaluated by way of a 12(b)(6) motion. *See Lavin v. Safeco Ins. Co. of Am.*, No. CV SAG-22-1788, 2022 WL 17342051, at *2 (D. Md. Nov. 30, 2022) (explaining that while "it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion," "it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion") (citations omitted).

Accordingly, the court will grant Plaintiff leave to amend.  Defendant remains free to assert Rule 12 (or other applicable) motions.  To be clear, the court makes no determination here of whether Plaintiff states plausible claims sufficient to survive a motion under Rule 12.

## III.    CONCLUSION

For the reasons set forth herein, by separate order, Plaintiff's Pseudonym Motion (ECF No. 6) will be granted in part and denied in part, and Plaintiff's Motion for Leave to Amend (ECF No. 16) will be granted.

/S/

April 6, 2026                                                        _____

Julie R. Rubin
United States District Judge